# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BRAD HOLBROOK, LORRAINE HOLBROOK, RACHEL HOLBROOK, and MATT HOLBROOK, </br></br>    Plaintiffs, </br></br> v. </br></br> OWNBRIX INTERNATIONAL CORPORATION, MEMPHIS RPF LLC, TRADING TECHNOLOGIES USA LLC, ADVANTAGE PROPERTY MANAGEMENT, LLC, MARK MARSHALL, LORRAINE MARSHALL, and OLIVER MARSHALL, </br></br>    Defendants. | Case No. 2:19-cv-02879-JPM-cgc |

## ORDER DENYING AS PREMATURE ADVANTAGE PROPERTY MANAGEMENT LLC'S MOTION FOR SUMMARY JUDGMENT, AND
## ORDER GRANTING PLAINTIFFS' MOTION TO CONDUCT DISCOVERY

Before the Court are Defendant Advantage Property Management, LLC's (hereinafter "Advantage Property") Motion for Summary Judgment, filed on April 29, 2020 (ECF No. 62), and Plaintiffs' Motion to Conduct Discovery, filed on May 26, 2020 (ECF No. 64). Defendant moves the Court pursuant to Federal Rule of Civil Procedure 56 to grant summary judgment in its favor. (ECF No. 62.) Advantage Property provides only the affidavit of Ashley Campbell, the principal owner of Advantage Property, to support its Motion. (ECF No. 62-3.)

Plaintiffs filed their Response to the Motion (ECF No. 63) as well as their Motion for Discovery (ECF No. 64) on May 26, 2020.  Plaintiffs object to the evidence presented in support of Defendant's Motion for Summary Judgment on several grounds.  (ECF No. 63 at PageID 792–94.)  Plaintiffs assert that Defendant Advantage Property "failed to properly and fully identify the scope and subject matter of [Ashley] Campbell's proposed testimony in this matter" in its Rule 26(a)(1) initial disclosures.  (Id. at PageID 792.)  Additionally, Plaintiffs assert that Campbell provides "what amounts to expert testimony" regarding APM's legal responsibilities.  (Id.)  Plaintiffs also assert that Campbell's declaration does not "cite to admissible evidence actually within the record beyond the purported Property Management Agreement between [Advantage Property] and Defendant Memphis RFP, LLC" and cannot stand as a basis for summary judgment under Local Rule 56(c)(4).  (Id. at PageID 793.)  Plaintiffs further assert that the affidavit relies on hearsay evidence.  (Id. at PageID 793–94.)

Plaintiffs alternatively move the Court pursuant to Federal Rule of Civil Procedure 56(d) to conduct discovery, arguing that the Court should deny the Motion for Summary Judgment and allow Plaintiffs and Advantage Property to engage in discovery.  (See generally ECF No. 64.)  To support their Motion, Plaintiffs provide as attachments Defendant Advantage Property's Rule 26(a)(1) initial disclosures and the affidavit of Robert A. Cox, counsel for Plaintiffs.  (ECF Nos. 64-1, 64-2.)

For the reasons set forth below, Defendant's Motion for Summary Judgment is **DENIED** and Plaintiffs' Motion to Conduct Discovery is **GRANTED**.

**I.     BACKGROUND**

*A.     Plaintiffs' Allegations Against Advantage Property*

This case arises out of Plaintiffs' investment in several properties in Memphis, Tennessee, through the online real estate trading platform OwnBrix. (See Amended Complaint, ECF No. 35.) Plaintiff alleges that Defendants were engaged in a conspiracy to defraud Plaintiffs and other investors by fraudulently misrepresenting the condition of these Memphis and Shelby County, Tennessee properties and converting funds held in Plaintiffs investment accounts with OwnBrix. (Id.)

On February 13, 2020, Plaintiffs filed the Amended Complaint, which named Advantage Property as a defendant. (ECF No. 35.) Advantage Property contracted with Defendant Memphis RPF, LLC to maintain the homes owned by Memphis RPF, LLC and the other Defendants. (See Sched. O., Undisputed Fact No. 6, ECF No. 27 at PageID 157.) Plaintiffs allege in the Amended Complaint that Advantage Property worked with the other Defendants to market and advertise the misrepresented properties on social media platforms and other online sites. (ECF No. 35 ¶¶ 79, 81–82.) Advantage Property allegedly was "responsible for managing the rental contracts with Memphis, Shelby County, Tennessee and collecting the income derived form those contracts," and was funneling funds from these properties directly to the other Defendants. (Id. ¶¶ 104–05.) Plaintiffs allege that Advantage Property, along with the other Defendants, "represented that all necessary interior and exterior maintenance and repairs for the properties were performed, and the properties were ready and suitable for rental to Shelby County, Tennessee residents." (Id. ¶ 113.)

      *B.*      *Procedural Background*

This case was removed to federal court on December 20, 2019.  (ECF No. 1.)  After the Scheduling Conference (at which time Plaintiffs learned of the existence of Advantage Property Management (see Sched. O., ECF No. 27 at PageID 157)) on February 13, 2020, Plaintiffs amended their Complaint to name Advantage Property as a defendant.  (ECF No. 35.)  Advantage Property's counsel filed a notice of appearance on March 16, 2020 (ECF No. 51), and Advantage Property filed its Answer on March 23, 2020.  (ECF No. 52.)  On April 9, 2020, Advantage Property served on Plaintiffs its Rule 26(a)(1) initial disclosures.  (ECF No. 58.)  On April 29, 2020, Advantage Property filed its Motion for Summary Judgment.  (ECF No. 62.)  Per the original Scheduling Order, discovery is not set to close until August 31, 2020.  (ECF No. 27 at PageID 157.)

**II.**      **DISCUSSION**

      *A.*      *Rule 56 and Rule 56(d) Motions*

"It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment."  Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)).  It is improper for a district court to grant a defendant's motion for summary judgment "if the non-movant is given an insufficient opportunity for discovery."  White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231–32 (6th Cir. 1994).  When

4

the non-moving party "ha[s] no opportunity for discovery, denying [a] Rule [56(d)][1] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir. 2008); see also Vance By and Through Hammons v. United States, 90 F.3d 1145, 1149 (6th Cir. 1996) ("*If* the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." (emphasis in original)).  "Most significant" to the conclusion that a motion for summary judgment should be denied or held in abeyance pending further discovery is the fact that "*no* discovery was conducted before the motion for summary judgment was filed and decided." Vance, 90 F.3d at 1149.

A party may file a motion pursuant to Federal Rule of Civil Procedure 56(d) to "request additional discovery prior to the granting of summary judgment[.]" CenTra, 538 F.3d at 419.  Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>   (1) defer considering the motion or deny it;
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>   (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  A Rule 56(d) affidavit must provide more than vague, conclusory support for the need for additional discovery.  CenTra, 538 F.3d at 420.  A Rule 56(d) motion fails if "further discovery would not [] change[] the legal and factual deficiencies" identified by the motion for summary judgment.  Maki v. Laakko, 88 F.3d 361, 367 (6th Cir. 1996).  A

---

[1] The Sixth Circuit referred to Rule 56(f) in its decision in CenTra.  538 F.3d at 420.  The 2010 Amendments to the Rules replaced Rule 56(f) with Rule 56(d).  See Fed. R. Civ. P. 56, advisory committee's notes on 2010 Amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

5

district court generally abuses its discretion if the district court does not provide the parties with an opportunity to engage in discovery on the issues raised by the motion for summary judgment. See CenTra, 538 F.3d at 420–21 ("Thus, it is generally an abuse of discretion to deny a Rule [56(d)] motion in the absence of *any* opportunity for discovery . . . ." (emphasis in original)).

Courts consider several factors in determining whether to grant a motion for additional discovery:

> (1) when the [movant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the [movant] was dilatory in its discovery efforts; and (5) whether the [movant] was responsive to discovery requests.

Thomason v. Amalgamated Local N. 863, 438 F. App'x 358, 361 (6th Cir. 2011) (quoting CenTra, 538 F.3d at 420) (internal quotation marks omitted).

   B.   *Application*

The Court will not address the merits of Defendant Advantage Property's Motion for Summary Judgment. Plaintiff has not been afforded the requisite time to discover facts to adequately respond to Defendant's Motion. See White's Landing, 29 F.3d at 231–32. Defendant Advantage Property relies primarily on the affidavit of Ashley Campbell, Defendant's CEO, and Plaintiff has not had the opportunity to adequately respond to her affidavit. (See Statement of Facts, ECF No. 62-2; see also ECF No. 62-3.) Plaintiffs also have not been given the opportunity to conduct any meaningful discovery on the issues raised by the Motion. Plaintiffs named Advantage Property as a defendant on February 14, 2020 (see Amended Complaint, ECF No. 35), and Advantage Property did not file an Answer until March 23, 2020 (ECF No. 52). It was not until April 8, 2020 that Advantage Property served

on Plaintiffs its Rule 26(a)(1) disclosures identifying Campbell as a witness in the case.[2] (See ECF No. 58; see also Rule 26(a)(1) Disclosures, ECF No. 64-1 at PageID 831 (identifying Ashley Campbell)). It would be highly impractical to expect Plaintiffs to be prepared in any meaningful way to respond to the Motion for Summary that was filed only 21 days after being served with Defendant's Rule 26(a)(1) disclosures.

Moreover, Plaintiffs have provided sufficient justification from which to grant their Rule 56(d) Motion. Application of the factors courts use to assess the sufficiency of a Rule 56(d) motion favors granting Plaintiffs' Motion for Discovery. See Thomason, 438 F. App'x at 361. First, Plaintiffs only could have learned of the issues raised by the affidavit, and of other discoverable information from Defendant relevant to the Motion, by April 9, 2020, the date on which Advantage Property served its Rule 26(a)(1) initial disclosures. (ECF No. 64-1.) This came only approximately two weeks before the filing of the Motion for Summary Judgment. (ECF No. 62.) Additionally, Plaintiffs have shown that additional discovery would change the Court's consideration of these issues, as it would be nearly impossible for Plaintiffs to have been able to adequately respond to a Motion premised solely on the testimony of an individual whom they have had no opportunity to depose. (See Aff., ECF No. 62-3.) Discovery between Advantage Property and Plaintiff has not lasted long; it has been only approximately one-and-a-half months since Advantage Property served its initial Rule 26(a)(1) disclosures on Plaintiffs (with only two weeks between service of Defendant's Rule

---

[2] The Court is appropriately skeptical of the contents of the Affidavit. Given that there is no record in this case, as no discovery has been, or reasonably could have been, conducted by either Advantage Property or Plaintiffs in such a short time frame, the Court views Campbell's affidavit with "great skepticism." See Freeman v. Trombley, 483 F. App'x 51, 58 (6th Cir. 2012); see also Craddock v. FedEx Corp. Servs., Inc., No. 2:17-cv-02780-TLP-cgc, 2020 WL 2543297, at *1 n.1 (W.D. Tenn. May 19, 2020) ("[S]elf-serving affidavits, standing alone and *without support in the record*," are not sufficient at summary judgment. (emphasis added)). Although generally this rule applies in the context of affidavits filed by plaintiffs in response to motions for summary judgment, see, e.g., Craddock, 2020 WL 2543297, at *1 n.1, the Court will still view this affidavit with skepticism, given there is no record in this case aside from Campbell's own affidavit supporting her claims.

7

26(a)(1) disclosures and its filing of the Motion). (See ECF Nos. 64-1, 62.) Although nothing in the record suggests that Defendant Advantage Property was not responsive to discovery requests, this finding does not change the fact that Plaintiffs have been provided almost no time to respond to Defendant's Motion.

The affidavit provided by Plaintiffs' counsel also satisfies the requirements of Federal Rule of Civil Procedure 56(d). The affidavit is not vague and conclusory. CenTra, 538 F.3d at 420. Resolution of the issues raised by the Motion would also be aided by further discovery. Cf. Maki, 88 F.3d at 367. The affidavit sets out in specific detail the additional information Plaintiffs hope to find with additional discovery. (See ECF No. 64-2 at PageID 844–46.) This information goes to proving Plaintiffs' theory of the case, that Advantage Property was involved in the alleged conspiracy to mislead and defraud Plaintiffs with respect to their investment in Memphis, Tennessee residential properties. Nothing about this case suggests that the Motion and Plaintiffs' request for further discovery falls within one of the limited exceptions to the rule that "it is generally an abuse of discretion to deny a Rule [56(d)] motion in the absence of *any* opportunity for discovery . . . ." CenTra, 538 F.3d at 420–21.

In summary, the Court finds that Defendant Advantage Property's Motion for Summary Judgment is premature. Plaintiffs have not been provided sufficient time to respond to the Motion, and discovery with respect to Advantage Property has only just commenced. The Court finds that additional discovery will aid in the proper resolution of this case.

### III.   CONCLUSION

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Defendant Advantage Property's Motion for Summary Judgment, and **GRANTS** Plaintiffs' Motion to Conduct Discovery. Plaintiff must be given an opportunity to conduct discovery in

this case in order to more properly, and more fairly, respond to Defendant's Motion for Summary Judgment.

**SO ORDERED**, this 5th day of June, 2020.

          /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE