## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| BRAD HOLBROOK, LORRAINE HOLBROOK, RACHEL HOLBROOK, and MATT HOLBROOK, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:19-cv-2879-JPM-cgc<br>) |
| OWNBRIX INTERNATIONAL CORPORATION, TRADING TECHNOLOGIES USA LLC, MEMPHIS RPF LLC, MARK MARSHALL, LORRAINE MARSHALL, OLIVER MARSHALL, and ADVANTAGE PROPERTY MANAGEMENT, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AS TO DEFENDANT ADVANTAGE PROPERTY MANAGEMENT**
**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AS TO THE MARSHALL DEFENDANTS**
**ORDER DENYING THE MARSHALL DEFENDANTS' MOTION TO DISMISS**

Before the Court are Plaintiffs' Motion to Compel Rule 26 Disclosures and Request for Rule 37 Sanctions Against Defendant Advantage Property Management ("APM") (ECF No. 81), Plaintiffs' Motion to Compel and Request for Rule 37 Sanctions Against Defendants OwnBrix International Corp. ("OwnBrix"), Memphis RPF, LLC ("Memphis RPF"), Trading Technologies USA, LLC ("Trading Technologies"; collectively "the Corporate Defendants"), Mark Marshall, Lorraine Marshall, and Oliver Marshall (collectively "the Individual Defendants") (ECF No. 82) and the Individual Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Insufficiency of Service (ECF No. 49).

For the reasons set forth below, Plaintiffs' Motion to Compel and for Sanctions Against Defendant APM is **DENIED**. Plaintiffs' Motion to Compel and for Sanctions Against the Marshall Defendants is **GRANTED IN PART** and **DENIED IN PART**. The Individual Defendants' Motion to Dismiss is **DENIED**.

## I.    BACKGROUND

### A. *Motions to Dismiss*

Both the Corporate Defendants and the Individual Defendants filed Motions to Dismiss the First Amended Complaint on March 13, 2020. (ECF Nos. 44 & 49.) The Corporate Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF No. 44.) The Individual Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) & 12(b)(5) for lack of personal jurisdiction and insufficient of service of process. (ECF No. 49.)

### B. *Orders Requiring Discovery (collectively, "the Court's Discovery Orders")*

On February 11, 2020, the Court entered its Order Denying Motion for Protective Order Staying Discovery. (ECF No. 34.) This Order denied Defendants' Motion for Protective Order Staying Discovery, requiring discovery to proceed as set forth in the Scheduling Order. (Id. at PageID 310–11; see also ECF No. 27.) The Scheduling Order set a February 18, 2020 deadline for the Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and noted that "[t]he Parties agree that extensive Rule 26(a)(1) disclosures in this case will promote the efficient resolution of the case and reduce costs." (ECF No. 27 at PageID 157 n. 4.)

On May 27, 2020, the Court entered its Order Denying Motion for Protective Order Staying Discovery, Order Requiring Jurisdictional Discovery, Order Setting Supplemental

Briefing Deadline. (ECF No. 65.) This Order expressly found that the Defendants had not complied with the Scheduling Order's requirements regarding Rule 26(a)(1) disclosures in this case. (Id. at PageID 861.) The Court ordered the Parties to engage in discovery, including jurisdictional discovery, "to resolve disputed issues and to aid in the resolution of Defendants' Motions [to Dismiss for lack of personal jurisdiction]." (Id. at PageID 863.) The Court required the Defendants to "produce <u>all documents and other evidence relevant to Plaintiffs' asserted grounds for jurisdiction over all Defendants</u>. Given the substantial overlap between the merits of Plaintiffs' claims and the disputed issues of personal jurisdiction, information relevant to both must be produced." (Id.) The Court set a deadline of July 3, 2020 for all the Defendants to complete jurisdictional discovery. (Id.)

On July 1, 2020, the Court entered its Order Following Telephonic Hearing, Order Setting Schedule for Document Production, Order Setting Video Status Conference. (ECF No. 73.) This Order amended the deadline for some of the Defendants to comply with its previous Orders regarding discovery. (Id.) The Corporate Defendants and the Individual Defendants (collectively "the Marshall Defendants") were given a deadline of July 30, 2020 by which they were ordered to comply and to produce "the 85,000 documents identified by [the Marshall Defendants]" and to respond to Plaintiffs outstanding discovery requests. (Id. at PageID 926.) The Court also stated that "Defendants' continued noncompliance with the Court's orders and failure to participate in discovery may result in sanctions under Rule 37(b)(2)(A)." (Id.)

C. *Motions to Compel and for Sanctions*

On August 3, 2020, Plaintiffs filed a Motion to Compel Rule 26 Disclosures and Request for Rule 37 Sanctions Against Defendant APM Pursuant to the Court's Order of July

3

1, 2020 ("First Motion to Compel").  (ECF No. 81.)  Plaintiffs allege that APM failed to comply with the Court's July 1, 2020 Order requiring APM to produce to Plaintiffs 200-300 documents relevant to the question of personal jurisdiction and to the case.  (Id. at PageID 1109–10.)  Plaintiffs received 345 documents on July 3, 2020 and a few more relevant documents from July 13–15, 2020, but assert that the disclosures were inadequate.  (Id.)

Also on August 3, 2020, Plaintiffs filed a Motion to Compel and Request for Rule 37 Sanctions Against the Marshall Defendants Pursuant to the Court's Order of July 1, 2020 ("Second Motion to Compel").  (ECF No. 82.)  Plaintiffs allege that the Marshall Defendants "have not responded to **any** of the outstanding discovery requests propounded by Plaintiffs on June 2, 2020, despite the Court's Order."  (ECF No. 82-4 at PageID 1283.)  Plaintiffs also allege that the Marshall Defendants produced only 9,576 of the 85,000+ documents the Court ordered them to produce by July 30, 2020.  (Id. at PageID 1284–85.)

A Hearing on Plaintiffs' Motions to Compel and for Sanctions was held on August 13, 2020 ("the Hearing").  (ECF No. 85.)  At the Hearing, APM explained in detail its delay in producing each category of documents Plaintiffs assert were inadequately disclosed.  (Tr. of Aug. 13, 2020 Hr'g, ECF No. 90 at PageID 1357–63.)  Plaintiffs and APM agreed that a final 10-day deadline to complete disclosures would be an appropriate resolution.  (Id. at PageID 1362:1-2 & 1363:8-10.)  Counsel for the Individual Defendants informed the Court that the Individual Defendants did not intend to comply with the Court's Discovery Orders.  (Id. at PageID 1374:10-25, 1375:1-12.)  Counsel for the Corporate Defendants sought an additional 20 days for the Corporate Defendants to complete disclosures.  (Id. at PageID 1372:6-12, 1379:5-18.)

After the Hearing, the Marshall Defendants filed a Response to Plaintiffs' Second Motion to Compel.  (ECF No. 86.)  The Marshall Defendants assert that they were "not deliberately 'avoiding' discovery or willfully disobeying any order of this Court."  (Id. at PageID 1310.)  The Marshall Defendants sought an extension of time until September 4, 2020 to provide written responses to Plaintiffs.  (Id. at PageID 1314.)  Plaintiffs filed their Reply on August 21, 2020, asserting that the Marshall Defendants' Response "attempts to essentially 'redo' and recharacterize admissions made by the Defendants during the hearing."  (ECF No. 89 at PageID 1330.)

## II.    ANALYSIS

### A. *Plaintiffs' Motion to Compel and for Sanctions as to Defendant APM*

Plaintiffs argue in their First Motion to Compel that because APM failed to produce all relevant documents in its possession by July 3, 2020, as ordered by the Court (see ECF Nos. 67 & 73), and because APM continued to fail to produce all relevant documents in its July 13–15, 2020 productions to Plaintiffs, sanctions against APM are appropriate pursuant to Federal Rule of Civil Procedure 37.  (ECF No. 81.)

The Court will not impose Rule 37 sanctions on APM at this time.  At the August 13, 2020 Hearing, APM adequately explained to the Court the reasoning behind its incomplete disclosures as to each category in which Plaintiffs identified deficient disclosures.  (Tr., ECF No. 90 at PageID 1357–63.)  The Court finds that APM engaged in a good faith effort to comply with the Court's Discovery Orders.  At the Hearing, APM was ordered to fully comply with the Court's Discovery Orders by no later than Monday, August 24, 2020.  (See Minutes, ECF No. 85 & Tr., ECF No. 90 at PageID 1364.)  Plaintiffs informed the Court that they agreed that a ten-day deadline for APM to fully comply would be a satisfactory resolution.  (Tr., ECF No. 90 at PageID 1362:1-2 & 1363:8-10.)  Neither Party has indicated

5

to the Court that APM did not comply with the final deadline of August 24, 2020. Therefore, the Court finds that Rule 37 sanctions would not be just[1] in this case and Plaintiffs' First Motion to Compel is resolved.

For the reasons set forth above, Plaintiffs' First Motion to Compel is **DENIED**.

B. *Plaintiffs' Motion to Compel and for Sanctions as to the Marshall Defendants*

Plaintiffs argue in their Second Motion to Compel that neither the Corporate Defendants nor the Individual Defendants have complied with any of the Court's Discovery Orders and therefore move for sanctions against the Marshall Defendants pursuant to Rule 37. (ECF No. 82.)

i. The Corporate Defendants

The Court will not impose Rule 37 sanctions on the Corporate Defendants at this time. At the August 13, 2020 Hearing, counsel for the Corporate Defendants requested 20 additional days to comply with the Court's Discovery Orders. (Tr., ECF No. 90 at PageID 1372:6-12, 1379:5-18.) The Court took this request under advisement. (Id. at PageID 1391–92.) The Corporate Defendants have since moved to amend the current Scheduling Order to include an immediate 30-day ADR period. (ECF No. 92 at PageID 1412.) Plaintiffs oppose this Motion and have asserted, in part, that the Corporate Defendants have not "provided any legitimate discovery production." (ECF No. 93 at PageID 1448.) A Hearing on the Defendants' Motion has been set for November 5, 2020. (ECF No. 95.)

The Court presently has insufficient information regarding what, if any, discovery has been provided to Plaintiffs since the August 13, 2020 Hearing. Such information is necessary for the Court to determine whether and what sanctions are appropriate as to the Corporate

---

[1] Federal Rule of Civil Procedure 37(b)(2)(A) provides that the court may issue just orders where a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A).

6

Defendants.  Plaintiffs' Second Motion to Compel is therefore **DENIED** as to the Corporate Defendants.  If Plaintiffs find it necessary, they may refile their Second Motion to Compel as to the Corporate Defendants after the November 5, 2020 Hearing.

      ii.      The Individual Defendants

The Court finds it appropriate to impose Rule 37 sanctions on the Individual Defendants.  Rule 37(b)(2) allows a party to move for sanctions for the nonmoving party's failure to comply with a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).  A court may issue a sanction "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[.]"  Fed. R. Civ. P. 37(b)(2)(A)(i).

Courts consider four factors when deciding whether to impose Rule 37 sanctions.  Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing Reg'l Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154–55 (6th Cir. 1988)) (referred to as the "Regional Refuse Test").  Three of those factors are relevant here.[2]  First, the court considers whether "the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault[.]"  Id.  Second, the court considers "whether the adversary was prejudiced by the party's failure to cooperate in discovery[.]"  Id.  And third, the court considers "whether the party was warned that failure to cooperate could lead to the sanction[.]"  Id.

All three of the applicable Regional Refuse Test factors favor the Plaintiffs.  As to the first factor, the fault for failure to comply with the Court's Discovery Orders lies squarely with the Individual Defendants.  At the Hearing, counsel for the Individual Defendants informed the Court that the Individual Defendants, having had the request for discovery

---

[2] The fourth factor, "whether less drastic sanctions were first imposed or considered," is only relevant in the case of dismissal of the action, which the Court does not contemplate here.  Freeland, 103 F.3d at 1277.

materials and disclosure materials conveyed to them, would not be producing any documents, materials, or response. (Tr., ECF No. 90 at PageID 1374:10-25, 1375:1-12.) The Individual Defendants have been given ample opportunity to comply with the Court's Discovery Orders and have willfully chosen not to comply.

As to the second factor, Plaintiffs would be and have been severely prejudiced by the Individual Defendants' failure to engage in meaningful discovery. Plaintiffs have been unable to adequately respond to the outstanding Motions to Dismiss for lack of personal jurisdiction. The Court's Discovery Orders were entered to ensure that Plaintiffs had sufficient information "to adequately respond to the Defendants' Rule 12(b)(2) motions." (ECF No. 65.) By failing to comply with those Orders, the Individual Defendants have prejudiced Plaintiffs.

As to the third factor, the Court warned the Individual Defendants, in abundantly clear terms, that sanctions would be levied if they failed to comply with the Court's Discovery Orders. (See ECF No. 73 at PageID 926 ("Defendants' continued noncompliance with the Court's orders and failure to participate in discovery may result in sanctions under Rule 37(b)(2)(A).").) Specifically, the Court warned all the Defendants that it may take as established facts supporting a finding of personal jurisdiction over the defendants as a sanction under Rule 37(b)(2)(A). (Id. (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 705–09 (1982).)

Pursuant to Rule 37(b)(2)(A), the Court is authorized to take as established facts supporting a finding that it has personal jurisdiction over the Individual Defendants. Ins. Corp. of Ireland, 456 U.S. at 705–09. However, such a finding must comply with due process requirements. Id. at 707. The sanction must be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." Id.

8

Both requirements of due process are satisfied here.  The sanction is just.  The Individual Defendants have disobeyed three separate orders to engage in discovery, including jurisdictional discovery.  See, e.g., Fencorp, Co. v. Ohio Kentucky Oil Corp., 675 F.3d 933, 942 (6th Cir. 2012) (holding that a district court did not abuse its discretion in finding as established facts that rendered the defendants' federal preemption defense void because defendants disobeyed three separate discovery requests).  The Court has also warned the Individual Defendants of the possibility of this specific sanction.  See Ins. Corp. of Ireland, 456 U.S. at 707–08.

The sanction is also specifically related to the claim at issue in the Court's Discovery Orders.  The Court ordered jurisdictional discovery to allow Plaintiffs to obtain documents relevant to establishing their prima facie case because the Individual Defendants moved to dismiss the case for lack of personal jurisdiction.  (See ECF No. 65 at PageID 863.)  A sanction finding as established the facts necessary for Plaintiffs to establish personal jurisdiction is directly related to the Individual Defendants' claim that the Court does not have personal jurisdiction over them and is an appropriate consequence of the Individual Defendants' willful failure to comply with the Court's Discovery Orders.  Therefore, the Court finds that sanctions pursuant to Rule 37(b)(2)(A)(i) are appropriate as to the Individual Defendants and comply with the due process requirements.

For the reasons set forth above, Plaintiffs' Second Motion to Compel is **DENIED** as to the Corporate Defendants and **GRANTED** as to the Individual Defendants.  Pursuant to Rule 37(b)(2)(A)(i), the Court finds that for the purpose of this litigation, the Individual Defendants each have sufficient contacts with Tennessee to be subject to the in personam jurisdiction of this Court.

### C. *The Individual Defendants' Motion to Dismiss*

<u>i.</u>      <u>Personal Jurisdiction (12(b)(2))</u>

The Individual Defendants move the Court pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the First Amended Complaint, arguing that the Court lacks personal jurisdiction over the Individual Defendants. (ECF Nos. 49 & 50.) Because the Court has found as established the facts necessary to establish its personal jurisdiction over the Individual Defendants, the Individual Defendants' arguments regarding the Court's lack of personal jurisdiction over them fail.

<u>ii.</u>      <u>Service of Process (12(b)(5))</u>

The Individual Defendants also move the Court pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss the First Amended Complaint, arguing that the Plaintiffs improperly served them pursuant to the requirements of Federal Rule of Civil Procedure 4(f). (ECF Nos. 49 & 50.) The Individual Defendants' arguments regarding the insufficient service of process fail because the First Amended Complaint was properly served on the Individual Defendants on March 24, 2020. (<u>See</u> ECF Nos. 77–79.)

Because the Individual Defendants are residents of the United Kingdom, Federal Rule of Civil Procedure 4(f) governs service of process. Rule 4(f) provides several methods of service on foreign defendants abroad. <u>See</u> Fed. R. Civ. P. 4(f)(1)–(3). At issue here, Rule 4(f)(1) provides that "an individual… may be served at a place not within any judicial district of the United States… by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents…." Fed. R. Civ. P. 4(f)(1).

The United Kingdom is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Service Convention"). See Lucas-Cooper v. Palmetto GBA, No. 1:05 CV 0959, 2005 WL 8167030, at *2 n.3 (N.D. Ohio Aug. 31, 2005). The Hague Service Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." Hague Service Convention art. 2, Nov. 15, 1965, 20 U.S.T. 361; Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698 (1988). "When a central authority receives an appropriate request, it must serve the documents or arrange for their service, Art. 5, and then provide a certificate of service, Art. 6." Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1508 (2017).

The Plaintiffs have complied with the requirements of Rule 4(f)(1) and the Hague Service Convention. The Foreign Process Section of the Royal Courts of Justice ("UK Central Authority") provided a certificate of service for the First Amended Complaint as to each Defendant. (ECF Nos. 77–79.) As to each of the Individual Defendants, the UK Central Authority certified that the First Amended Complaint was served on March 24, 2020 in a method authorized by Article 5 of the Hague Service Convention. (ECF No. 77 at PageID 932, ECF No. 78 at PageID 990 & ECF No. 79 at PageID 1048.) The Plaintiffs' service of the First Amended Complaint therefore complied with the Hague Service Convention.

In summary, the Individual Defendants' arguments regarding lack of personal jurisdiction fail because the Rule 37 sanction imposed by the Court above finds as established facts establishing its personal jurisdiction over the Individual Defendants. The Individual Defendants' arguments regarding insufficient service of process fail because Plaintiffs

properly served the Defendants pursuant to Rule 4(f)(1) and the Hague Service Convention on March 24, 2020.  Therefore, the Individual Defendants' Motion to Dismiss is **DENIED**.

### III. CONCLUSION

Because Plaintiffs and APM were able to resolve their discovery dispute, Plaintiffs' First Motion to Compel is **DENIED**.  Plaintiffs' Second Motion to Compel is **DENIED IN PART** and **GRANTED IN PART**.  The Court is not imposing Rule 37 sanctions on the Corporate Defendants at this time, but Plaintiffs may refile their Motion after the November 5, 2020 Hearing if necessary.  The Court is imposing Rule 37 sanctions on the Individual Defendants, and pursuant to Rule 37(b)(2)(A)(i) and Ins. Corp. of Ireland finds as established that Mark Marshall, Lorraine Marshall and Oliver Marshall have sufficient business contacts with Tennessee for this Court to exercise personal jurisdiction over them.  The Individual Defendants' Motion to Dismiss for lack of personal jurisdiction and insufficiency of service of process is **DENIED**.

**SO ORDERED**, this 4th day of November, 2020.

      /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE