# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BRAD HOLBROOK, LORRAINE HOLBROOK, RACHEL HOLBROOK, and MATT HOLBROOK,<br><br>　　Plaintiffs,<br><br>v.<br><br>OWNBRIX INTERNATIONAL CORPORATION, TRADING TECHNOLOGIES USA LLC, MEMPHIS RPF LLC, MARK MARSHALL, LORRAINE MARSHALL, OLIVER MARSHALL, and ADVANTAGE PROPERTY MANAGEMENT, LLC,<br><br>　　Defendants. | Case No. 2:19-cv-02879-JPM-cgc |

**ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO COMPEL AND REQUEST FOR RULE 37 SANCTIONS**
**ORDER DENYING THE CORPORATE DEFENDANTS' MOTION TO DISMISS**

Before the Court are Plaintiffs' Renewed Motion to Compel and Request for Rule 37 Sanctions Against Defendants Ownbrix International Corporation, Memphis RPF, LLC, Trading Technologies USA, LLC, Mark Marshall, Lorraine Marshall, and Oliver Marshall (collectively, "the Marshall Defendants"), filed on November 11, 2020 (ECF No. 102) and Defendants Ownbrix International Corporation ("Ownbrix"), Memphis RPF, LLC ("Memphis RPF") and Trading Technologies USA, LLC's ("Trading Technologies") (collectively, "the Corporate Defendants") Motion to Dismiss for Lack of Personal Jurisdiction, filed on March 13, 2020 (ECF No. 44).

Plaintiffs move the Court to compel the production of 85,000+ documents identified in the Marshall Defendants' Rule 26(a)(1) Initial Disclosures and to compel the Corporate Defendants "to provide full and complete responses to the discovery propounded upon them by Plaintiffs as of July 2, 2020." (ECF No. 102-1 at PageID 1505.) Plaintiffs also move the Court pursuant to Fed. R. Civ. P. 37 for sanctions against the Corporate Defendants and against Mark Marshall, Lorraine Marshall, and Oliver Marshall (collectively, "the Individual Defendants"). (Id. at PageID 1504.) The Corporate Defendants move the Court pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the First Amended Complaint for lack of personal jurisdiction. (ECF No. 44.)

For the reasons set forth below, Plaintiffs' Renewed Motion to Compel and for Sanctions is **GRANTED** and the Corporate Defendants' Motion to Dismiss is **DENIED**.

## I. BACKGROUND

On February 11, 2020, the Court entered an Order Denying Defendants' Motion for Protective Order Staying Discovery, which required discovery to proceed as set forth in the Scheduling Order. (ECF No. 34 at PageID 310–11; see also ECF No. 27.) The Scheduling Order set a February 18, 2020 deadline for the Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and noted that "[t]he Parties agree that extensive Rule 26(a)(1) disclosures in this case will promote the efficient resolution of the case and reduce costs." (ECF No. 27 at PageID 157 n. 4.)

On February 13, 2020, Plaintiffs filed their First Amended Complaint. (ECF No. 35.) On March 13, 2020, the Individual Defendants and the Corporate Defendants each filed a Motion to Dismiss the First Amended Complaint. (ECF Nos. 44 and 49.) The Court denied the Individual Defendants' Motion to Dismiss on November 4, 2020. (ECF No. 97.)

On May 27, 2020, the Court entered an Order Denying Motion for Protective Order Staying Discovery, Order Requiring Jurisdictional Discovery, Order Setting Supplemental Briefing Deadline. (ECF No. 65.) This Order expressly found that the Defendants had not complied with the Scheduling Order's requirements regarding Rule 26(a)(1) disclosures in this case. (Id. at PageID 861.) The Court ordered the Parties to engage in discovery, including jurisdictional discovery, "to resolve disputed issues and to aid in the resolution of Defendants' Motions [to Dismiss for lack of personal jurisdiction]." (Id. at PageID 863.) The Court required the Defendants to "produce <u>all documents and other evidence relevant to Plaintiffs' asserted grounds for jurisdiction over all Defendants</u>. Given the substantial overlap between the merits of Plaintiffs' claims and the disputed issues of personal jurisdiction, information relevant to both must be produced." (Id.) The Court set a deadline of July 3, 2020 for all the Defendants to complete jurisdictional discovery. (Id.)

On July 1, 2020, the Court entered an Order Following Telephonic Hearing, Order Setting Schedule for Document Production, Order Setting Video Status Conference. (ECF No. 73.) This Order amended the deadline for some of the Defendants to comply with its previous Orders regarding discovery. (Id.) The Corporate Defendants and the Individual Defendants (collectively "the Marshall Defendants") were given a deadline of July 30, 2020 by which they were ordered to comply and to produce "the 85,000 documents identified by [the Marshall Defendants in their Rule 26(a)(1) disclosures]" and to respond to Plaintiffs' outstanding discovery requests. (Id. at PageID 926.) The Court also stated that "Defendants' continued noncompliance with the Court's orders and failure to participate in discovery may result in sanctions under Rule 37(b)(2)(A)." (Id.)

On August 3, 2020, Plaintiffs filed a Motion to Compel and Request for Rule 37 Sanctions Against the Marshall Defendants Pursuant to the Court's Order of July 1, 2020. (ECF No. 82.) Plaintiffs alleged that the Marshall Defendants "ha[d] not responded to **any** of the outstanding discovery requests propounded by Plaintiffs on June 2, 2020, despite the Court's Order." (ECF No. 82-4 at PageID 1283.) Plaintiffs also alleged that the Marshall Defendants produced only 9,576 of the 85,000+ documents the Court ordered them to produce by July 30, 2020. (Id. at PageID 1284–85.)

A Hearing on Plaintiffs' Motion to Compel and for Sanctions was held on August 13, 2020. (ECF No. 85.) At that Hearing, counsel for the Individual Defendants informed the Court that the Individual Defendants did not intend to comply with any of the Court's discovery orders. (Aug. 13, 2020 Hearing Transcript, ECF No. 94 at PageID 1374:10-25, 1375:1-12.) Counsel for the Corporate Defendants sought an additional 20 days for the Corporate Defendants to complete disclosures. (Id. at PageID 1372:6-12, 1379:5-18.)

After the August 13, 2020 Hearing, the Marshall Defendants filed a Response to Plaintiffs' Motion to Compel. (ECF No. 86.) The Marshall Defendants asserted that they were "not deliberately 'avoiding' discovery or willfully disobeying any order of this Court." (Id. at PageID 1310.) The Marshall Defendants sought an extension of time until September 4, 2020 to provide written responses to Plaintiffs. (Id. at PageID 1314.) Plaintiffs filed their Reply on August 21, 2020, asserting that the Marshall Defendants' Response "attempt[ed] to essentially 'redo' and recharacterize admissions made by the Defendants during the hearing." (ECF No. 89 at PageID 1330.)

On November 4, 2020, the Court entered an Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel and for Sanctions as to the Marshall Defendants and Order

4

Denying the Marshall Defendants' Motion to Dismiss.[1]  (ECF No. 97.)  In the November 4, 2020 Order, the Court granted Plaintiffs' Motion to Compel and for Sanctions as to the Individual Defendants, finding that it had been established that the Individual Defendants have sufficient business contacts with Tennessee for the Court to exercise personal jurisdiction over them.  (Id. at PageID 1479.)  Accordingly, the Court denied the Individual Defendants' Motion to Dismiss.  (Id.)  The Court denied Plaintiffs' Motion to Compel and for Sanctions as to the Corporate Defendants because it had "insufficient information regarding what, if any, discovery ha[d] been provided to Plaintiffs since the August 13, 2020 Hearing."  (Id. at PageID 1473.)

On November 5, 2020, the Court held a Motion Hearing as to the Motion to Amend the Scheduling Order that Defendants Memphis RPF and Advantage Property Management, LLC ("APM") filed on September 8, 2020.  (See ECF Nos. 92 & 98.)  At the November 5, 2020 Hearing, counsel for Plaintiffs informed the Court that they had received from the Corporate Defendants 270 partially identified photographs of five or six properties, 9,576 documents consisting of about 69,000 pages of single-line entries (see ECF No. 89 at PageID 1332) and 11,452 pages of single-page redacted email communications.  (See ECF No. 89 at PageID 1331–32.)  Counsel for Plaintiffs had *not* received the documents the Corporate Defendants identified in their Rule 26(a)(1) Initial Disclosures, including (1) electronic correspondence between the Plaintiffs and Defendants; (2) the Defendant entities' corporate documents, such as their articles of incorporation and operating agreements; (3) tax documents; (4) closing files and other documentation relating to the Defendants' properties; and (5) Ownbrix disclosures, policies and procedures for investors.  Plaintiffs also had not received any written response to the

---

[1] The November 4, 2020 Order also denied Plaintiff's Motion to Compel and for Sanctions as to Defendant Advantage Property Management.  (See ECF Nos. 81 & 97.)

interrogatories, requests for productions and requests for admissions that were due by July 30, 2020. (See ECF No. 74.)

Also on November 5, 2020, after the Hearing, the Court entered an Order Granting in Part and Denying in Part Defendants Memphis RPF and APM's Motion to Amend Scheduling Order. (ECF No. 100.) This Order set a new deadline for the completion of discovery, requiring all written discovery to be completed by February 4, 2021 and all discovery, including depositions, to be completed by March 5, 2021. (Id. at PageID 1485.)

On November 11, 2020, Plaintiffs filed their Renewed Motion to Compel and Request for Rule 37 Sanctions Against the Marshall Defendants ("Plaintiffs' Renewed Motion"). (ECF No. 102.) As to the Individual Defendants, Plaintiffs move the Court for (1) a Rule 37 sanction deeming admitted all Requests for Admission that Plaintiffs propounded as of July 2, 2020 and (2) an order compelling the Individual Defendants to produce all documents identified in their Rule 26(a)(1) Initial Disclosures. (Id. at PageID 1504–05.) As to the Corporate Defendants, Plaintiffs move the Court for (1) a Rule 37 sanction finding as established "that the Corporate Defendants each have sufficient contacts with Tennessee to be subject to the in personam jurisdiction of the Court" and therefore denying the Corporate Defendants' Motion to Dismiss and (2) an order compelling the Corporate Defendants to (a) "provide full and complete responses to the outstanding discovery propounded upon them by the Plaintiffs as of July 2, 2020, without objection or any further extension, and together with all responsive supporting documentation" and (b) produce all documents identified in their Rule 26(a)(1) Initial Disclosures. (Id.)

On November 25, 2020, the Corporate Defendants filed their Response to Plaintiffs' Renewed Motion. (ECF No. 104.) The Corporate Defendants incorporated their Response to

Plaintiffs' original Motion to Compel and for Sanctions (see ECF No. 86) and renewed their argument that Plaintiffs are requesting the production of documents that are not relevant to the question of whether the Court has personal jurisdiction over the Corporate Defendants. (ECF No. 104 at PageID 1588.)

As of at least February 23, 2021, the status of discovery in this case remains the same as it was at the time of the November 5, 2020 Hearing. (See ECF No. 105 ¶ 7.) At that Hearing, the Court found on the record that the Corporate Defendants failed to produce documents that are responsive to the Plaintiffs' requests and the Courts' Orders.

## II.   ANALYSIS

### A. *Plaintiffs' Motion for Sanctions as to the Corporate Defendants*

Plaintiffs move for sanctions against the Corporate Defendants pursuant to Rule 37 due to the Corporate Defendants' continued noncompliance with the Court's discovery orders (ECF Nos. 34, 65 & 73; see also ECF Nos. 97 & 100). (ECF No. 82.)

The Court finds it appropriate to impose Rule 37 sanctions on the Corporate Defendants. Rule 37(b)(2) allows a party to move for sanctions for the nonmoving party's failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). A court may issue a sanction "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[.]" Fed. R. Civ. P. 37(b)(2)(A)(i).

Courts consider four factors when deciding whether to impose Rule 37 sanctions. Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing Reg'l Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154–55 (6th Cir. 1988)) (referred to as the "Regional Refuse Test"). Three of those factors are relevant here.[2] First, the court considers whether "the party's

---

[2] The fourth factor, "whether less drastic sanctions were first imposed or considered," is only relevant in the case of dismissal of the action, which the Court does not contemplate here. Freeland, 103 F.3d at 1277.

failure to cooperate in discovery is due to willfulness, bad faith, or fault[.]" Id. Second, the court considers "whether the adversary was prejudiced by the party's failure to cooperate in discovery[.]" Id. And third, the court considers "whether the party was warned that failure to cooperate could lead to the sanction[.]" Id.

All three of the applicable Regional Refuse Test factors favor the Plaintiffs. As to the first factor, the fault for failure to comply with the Court's discovery orders lies with the Corporate Defendants. The Court has ordered the production of jurisdictional discovery and the documents identified in the Corporate Defendants' Rule 26(a)(1) disclosures repeatedly for over a year. (See ECF Nos. 34, 65, 73, 97 & 100.) And although the Corporate Defendants' arguments that certain requested documents are outside the scope of jurisdictional discovery may have been credible the first time those arguments were raised, the Court clearly stated in its May 27, 2020 Order that Plaintiffs' alter ego and conspiracy theories of personal jurisdiction overlap substantially with the merits of the case and that therefore the jurisdictional discovery and merits discovery may overlap in this case. (ECF No. 65 at PageID 862.) The Court might have entertained further arguments that specifically identified documents were outside the scope of the jurisdictional discovery, but the Corporate Defendants have offered no credible excuse for failing to produce *any* documents that Plaintiffs can use to establish their prima facie case. This is especially true in light of the fact that the Corporate Defendants have also failed to produce any of the documents identified in their Rule 26(a)(1) Initial Disclosures, despite the Court's orders requiring production of those documents as well. (See ECF Nos. 29, 65 & 73.)

As to the second factor, Plaintiffs would be and have been severely prejudiced by the Corporate Defendants' failure to engage in meaningful discovery. Plaintiffs have been unable to adequately respond to the outstanding Motions to Dismiss for lack of personal jurisdiction.

The Court's discovery orders were entered to ensure that Plaintiffs had sufficient information "to adequately respond to the Defendants' Rule 12(b)(2) motions." (ECF No. 65.) By failing to comply with those Orders, the Corporate Defendants have prejudiced Plaintiffs.

As to the third factor, the Court warned the Corporate Defendants, in abundantly clear terms, that sanctions would be levied if they failed to comply with the Court's discovery orders. (See ECF No. 73 at PageID 926 ("Defendants' continued noncompliance with the Court's orders and failure to participate in discovery may result in sanctions under Rule 37(b)(2)(A).").) Specifically, the Court warned all the Defendants that it may take as established facts supporting a finding of personal jurisdiction over the defendants as a sanction under Rule 37(b)(2)(A). (Id. (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 705–09 (1982).)

Pursuant to Rule 37(b)(2)(A), the Court is authorized to take as established facts supporting a finding that it has personal jurisdiction over the Corporate Defendants. Ins. Corp. of Ireland, 456 U.S. at 705–09. However, such a finding must comply with due process requirements. Id. at 707. The sanction must be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." Id.

Both requirements of due process are satisfied here. The sanction is just. The Corporate Defendants have disobeyed at least three separate orders to engage in discovery, including jurisdictional discovery, even after the Court granted them an additional *90 days* to complete discovery after the November 5, 2020 Hearing. (ECF No. 100.) See, e.g., Fencorp, Co. v. Ohio Kentucky Oil Corp., 675 F.3d 933, 942 (6th Cir. 2012) (holding that a district court did not abuse its discretion in finding as established facts that rendered the defendants' federal preemption defense void because defendants disobeyed three separate discovery requests). The

9

Court has also warned the Corporate Defendants of the possibility of this particular sanction. See Ins. Corp. of Ireland, 456 U.S. at 707–08.

The sanction is also specifically related to the claim at issue in the Court's discovery orders. The Court ordered jurisdictional discovery to allow Plaintiffs to obtain documents relevant to establishing their prima facie case because the Corporate Defendants moved to dismiss the case for lack of personal jurisdiction. (See ECF No. 65 at PageID 863.) A sanction finding as established the facts necessary for Plaintiffs to establish personal jurisdiction is directly related to the Corporate Defendants' claim that the Court does not have personal jurisdiction over them and is an appropriate consequence of the Corporate Defendants' willful failure to comply with the Court's discovery orders. Therefore, the Court finds that sanctions pursuant to Rule 37(b)(2)(A)(i) are appropriate as to the Corporate Defendants and comply with due process requirements.

For the reasons set forth above, Plaintiffs' Renewed Motion for Sanctions as to the Corporate Defendants is **GRANTED.** Pursuant to Rule 37(b)(2)(A)(i), the Court finds that for the purpose of this litigation, the Corporate Defendants each have sufficient contacts with Tennessee to be subject to the in personam jurisdiction of this Court.

B. *Plaintiffs' Motion for Sanctions as to the Individual Defendants*

Plaintiffs also move the Court for Rule 37 sanctions against the Individual Defendants, specifically moving for an order finding that "all Requests for Admission as of July 2, 2020 in this matter and propounded to the Individual Defendants hereby be deemed admitted." (ECF No. 102-1 at PageID 1504.)

Applying the Regional Refuse Test factors, the Court finds that Plaintiffs' requested sanction is appropriate. The fault for failure to comply with the Court's discovery orders lies with the Individual Defendants. Counsel for the Individual Defendants at the time of the August

13, 2020 Hearing informed the Court that the discovery and disclosure materials had been conveyed to the Individual Defendants and that they would not be producing any documents, materials or response. (Aug. 13, 2020 Hearing Transcript, ECF No. 90 at PageID 1374:10-25, 1375:1-12.) Plaintiffs have been unable to prosecute their case, having not received discovery responses from the Individual Defendants for more than a year, and have therefore been prejudiced by the Individual Defendants' noncompliance with the Court's discovery orders.

As to the third factor, although the Court has not previously warned the Individual Defendants of the possibility of imposing the requested sanction of deeming Requests for Admission admitted if they continued to fail to comply, the Court did warn the Individual Defendants of the possibility of imposing Rule 37 sanctions generally, and Rule 37(b)(2)(A)(i) sanctions specifically. (See ECF No. 73 at PageID 926.) Additionally, Fed. R. Civ. P. 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter[.]" Although Plaintiffs are not moving pursuant to Rule 37, the Individual Defendants had more than adequate notice that Plaintiffs' Requests for Admission could be deemed admitted if they continued to fail to respond.

The Requests for Admission at issue are limited to Plaintiffs' efforts to establish jurisdictional discovery. (See ECF No. 102-2.) Although the jurisdictional issues and the merits of this case overlap to an extent, the Court finds that the Requests for Admission are sufficiently limited that deeming them all admitted would not "cripple" the Individual Defendants' ability to defend the case. See Chopra v. Physicians Med. Ctr., LLC, Case No. 16-13915, 2017 WL 2602957, at *11 (E.D. Mich. June 15, 2017) (citing Gen. Ret. Sys. of the City of Detroit v. Alamerica Bank, No. 14-10032, 2016 WL 8243173, at *3 (E.D. Mich. Mar. 7, 2016)).

Therefore, this case involves neither the dismissal nor any arguable constructive dismissal of the action, and the fourth Regional Refuse Test factor does not apply.

Even if the fourth factor did apply, though, it supports the imposition of the requested sanction. The Court previously imposed a less drastic sanction, finding as established that the Individual Defendants have sufficient contacts with Tennessee to be subject to the in personam jurisdiction of this Court. (See ECF No. 97.) Since that sanction was imposed, counsel for the Individual Defendants withdrew from their representation and the Individual Defendants have made no effort to retain new counsel, respond to discovery requests or defend this case in any way. Less drastic sanctions have been imposed previously in this case and additional less drastic sanctions would be insufficient to remedy the prejudice to Plaintiffs. "The clear record of delay in the instant case compels th[e] court" to impose sanctions beyond simply compelling the production of the same documents this Court has already repeatedly ordered produced.[3] Sexton v. Uniroyal Chemical Co., Inc., 62 F. App'x 615, 621 (6th Cir. 2003) (upholding a sanction of dismissal and noting that "another discovery order would only needlessly multiply the proceedings").

The requirements of due process are also satisfied here. Deeming admitted the Plaintiffs' Requests for Admissions propounded on the Individual Defendants as of July 2, 2020 is a just sanction, as it is proportionate to the prejudice to the Plaintiffs' ability to prosecute their case caused by the Individual Defendants' failure to respond for over seven months. The sanction is also specifically related to the Court's discovery orders. At issue in all of the discovery orders in this case has been the Plaintiffs' ability to proceed with this case, either to

---

[3] The Court notes that it is *also* allowing the Individual Defendants a final extension of time in which to produce the documents identified in their Rule 26(a)(1) disclosures; this sanction therefore strikes a balance between allowing the Individual Defendants another opportunity to defend the case against them and allowing Plaintiffs to proceed with their case.

12

establish their prima facie case through jurisdictional discovery or to prepare for trial through merits discovery.  The Individual Defendants' continued failure to respond has directly prevented Plaintiffs from meeting the discovery deadlines in the Scheduling Order, and this sanction will allow Plaintiffs to proceed with their case.

For the reasons set forth above, Plaintiffs' Renewed Motion for Sanctions as to the Individual Defendants is **GRANTED**.  Pursuant to Rule 37(b)(2)(A)(i), the Court finds as admitted all Requests for Admission propounded to the Individual Defendants by Plaintiffs as of July 2, 2020.  (See ECF No. 102-2.)

C. *Plaintiff's Motion to Compel*

Plaintiffs move the Court for an order compelling (1) the Corporate Defendants "to provide full and complete responses to the outstanding discovery propounded upon them by the Plaintiffs as of July 2, 2020, without objection or any further extension, and together with all responsive supporting documentation" and (2) the Corporate Defendants and the Individual Defendants to produce all documents identified in their Rule 26(a)(1) Initial Disclosures.  (ECF No. 102-1 at PageID 1505.)  Plaintiffs seek a deadline for production of 10 days from entry of this Order.  (Id.)

Because the Court has already ordered the Individual Defendants and Corporate Defendants to produce the discovery materials sought by the Plaintiffs, Plaintiffs' Renewed Motion to Compel is **GRANTED** in its entirety.

D. *Plaintiff's Motion for Expenses and Attorney's Fees*

Finally, Plaintiffs move the Court for an award of their reasonable expenses and attorneys' fees.  (ECF No. 102-1 at PageID 1505.)  Fed. R. Civ. P. 37(b)(2)(C) provides that "in addition to the orders above, the court *must* order the disobedient party… to pay the reasonable

expenses, including attorney's fees, caused by the [party's] failure" to obey an order to provide or permit discovery. Id. (emphasis added). Because the Marshall Defendants have not met their burden of demonstrating that their ongoing failure to comply with the Court's orders was substantially justified and have not suggested any circumstances that make an award of expenses unjust in this case, Plaintiffs' Renewed Motion as to reasonable expenses and attorneys' fees is **GRANTED**. See Fed. R. Civ. P. 37(b)(2)(C); Chopra, 2017 WL 2602957 at *11. Plaintiffs shall submit a supplemental memorandum identifying their costs and fees, including substantive time entry descriptions, by no later than **Tuesday, March 16, 2021** so that the Court can assess the reasonableness of Plaintiffs' expenses and fees. If the Defendants object specifically to the reasonableness of Plaintiffs' expenses and attorneys' fees, they may file a response to Plaintiffs' supplemental memorandum by no later than **Tuesday, March 30, 2021**.

*E. The Corporate Defendants' Motion to Dismiss*

The Corporate Defendants move the Court pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the First Amended Complaint, arguing that the Court lacks personal jurisdiction over the Corporate Defendants. (ECF Nos. 44 & 545.) Because the Rule 37 sanction imposed by the Court above finds as established the facts necessary to establish its personal jurisdiction over the Corporate Defendants, the Corporate Defendants' Motion to Dismiss is **DENIED**.

### III.    CONCLUSION

Plaintiffs' Renewed Motion to Compel is **GRANTED**. The Court is imposing Rule 37 sanctions on the Corporate Defendants, and pursuant to Rule 37(b)(2)(A)(i) and Ins. Corp. of Ireland, finds as established that Ownbrix, Memphis RPF and Trading Technologies each have sufficient business contacts with Tennessee for this Court to exercise personal jurisdiction over

them.  Accordingly, the Corporate Defendants' Motion to Dismiss for lack of personal jurisdiction is **DENIED**.  The Court further finds as admitted all Requests for Admission propounded on the Individual Defendants by Plaintiffs as of July 2, 2020.

The Court **ORDERS** the Corporate Defendants to provide full and complete responses to the outstanding discovery propounded on them by Plaintiffs as of July 2, 2020, together with all supporting documentation, by no later than **Monday, March 15, 2021**.  Additionally, the Court **ORDERS** the Individual Defendants and the Corporate Defendants to produce all documents identified in their Rule 26(a)(1) Initial Disclosures, also by no later than **Monday, March 15, 2021**.  If the Corporate Defendants or Individual Defendants do not comply with this Order, additional sanctions upon motion of the Plaintiffs and pursuant to Fed. R. Civ. P. 37(b)(2)(A) will be imposed.  The Parties are on notice that potential penalties for continued noncompliance include further financial penalties and litigative disadvantage, up to and including the entry of a default judgment against the noncompliant Defendants.  See KCI USA, Inc. v. Healthcare Essentials, Inc., 801 F. App'x 928, 934–37 (6th Cir. 2020); Nat'l City P'ship Sols., Inc. v. Midwest Fin. and Mortg. Servs., Inc., No. 3:07cv00408, 2009 WL 170668, at *2–3 (S.D. Ohio Jan. 22, 2009).

Plaintiffs' supplemental memorandum identifying their expenses and attorneys' fees caused by both the Corporate Defendants' and Individual Defendants' noncompliance with this Court's discovery orders is due by no later than **Tuesday, March 16, 2021**.  Any response of the Defendants is due by no later than **Tuesday, March 30, 2021**.

**SO ORDERED**, this 1st day of March, 2021.

       /s/ Jon P. McCalla  
       JON P. McCALLA  
       UNITED STATES DISTRICT JUDGE