IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

THE HOLBROOK FAMILY, COMPRISED OF
BRAD HOLBROOK, LORRAINE HOLBROOK,
RACHEL HOLBROOK, and MATT HOLBROOK,

    Plaintiffs,

v.                                                                                                  No. 2:19-2879-JPM-cgc

                                                                                                          JURY DEMANDED

OWNBRIX INTERNATIONAL CORPORATION,
MEMPHIS RPF LLC, TRADING TECHNOLOGIES
USA, LLC, MARK MARSHALL, Individually,
LORRAINE MARSHALL, Individually and
OLIVER MARSHALL, Individually.

    Defendants.

---

**OPINION ON DEFAULT JUDGMENT AND DAMAGES**

---

This cause was before the Court on September 15, 2021 for an evidentiary hearing on damages as to Defendants Ownbrix International Corporation, Memphis RPF LLC, and Trading Technologies USA, LLC ("the Corporate Defendants"). Counsel Robert A. Cox, Ronna D. Kinsella, and Edward Brundick appeared on behalf of the Plaintiffs. Defense counsel for both the Individual Defendants and the Corporate Defendants withdrew prior to the hearing   [ECF Nos. 103, 153, and 159] and were not present.  Furthermore, none of the Individual Defendants appeared.

Plaintiffs assert that they are entitled to a default judgment not only as to the Corporate Defendants but also as to the individual Defendants Mark Marshall, Lorraine Marshall and Oliver Marshall ("the Individual Defendants"), as to whom personal jurisdiction has been established in this court (ECF No. 97).  As asserted by the plaintiffs, "the Individual Defendants

have persisted in their refusal to comply with the Court's Orders and their discovery/disclosure obligations, making it plain that they have no intention of either obeying the Court's Orders or otherwise participating in this litigation in any meaningful way." (ECF No. 121 at PageID 1815.)

While the Court earlier declined to grant a default judgment as to the individual defendants (ECF No. 151 at PageID 2188 n.2) relying on the unreported case of Stooksbury v. Ross, No. 3:09-CV-498, 2012 WL 262888, at *3 (E.D. Tenn Jan. 30, 2012), on review the Court finds reliance on Stooksbury to be inappropriate as a basis for denying a default judgment in this case. In Stooksbury the plaintiff sought a default judgment based on the individual defendants' failure to file an answer to the amended complaint. In the instant case, default judgment is sought based on the individual defendant's refusal to comply with the Court's orders and their continuous refusal to participate in this litigation, despite the Court's specific direction. (ECF No. 110.) The individual defendants have been given explicit warning of possible sanctions up to and including the possibility of entry of a default judgment. (Id.) Therefore, it is appropriate to grant the default judgment sought in plaintiffs' March 16, 2021 Motion (ECF No. 121). Default as to the individual defendants is **GRANTED**.

At the evidentiary hearing on September 15, 2021, plaintiffs presented two witnesses: William Robert Vance, Jr., a CPA and forensic accountant, and Dale Tuttle, a partner at the law firm of Glassman, Wyatt, Tuttle & Cox, P.C.

The Court finds that Mr. Vance is well qualified to render opinions on matters of forensic accounting in this case. Vance offered expert testimony on the subject of the amount and types of financial losses incurred by the Plaintiffs as a result of the Defendants' fraud, conspiracy, conversion and violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104 as described more particularly in the Plaintiffs' First Amended Complaint (ECF No. 35).

Vance reviewed in detail his analysis of eleven categories of damages and the precise amount of damages attributable to each category. Specifically, the damages by category are as follows:

| | |
|---|---:|
| Unreturned Cash Tranche Values: | $ 62,511.00 |
| Funds Incorrectly Claimed as Returned | 56,335.00 |
| Elevated Launch Prices | 114,045.00 |
| Depreciated Sale Values | 11,231.00 |
| Overstated Values of Properties Currently Owned | 99,198.00 |
| Remaining Value of Worthless Unsalable Brix | 93,618.00 |
| Fees and Debits | 173,095.00 |
| Fines and Penalties In Arrears | 15,630.00 |
| Taxes Currently in Arrears | 13,860.00 |
| Properties Subject to Tax Sale | 543.00 |
| Lost Opportunity Costs | 83,257.00 |
| Total: | $ 723,323.00 |

Plaintiffs presented further argument and evidence as to the appropriateness of an award of treble damages and attorneys' fees pursuant to the Tennessee Consumer Protection Act, T.C.A. § 47-18-109.

Vance explained the operation of the scheme as revealed by accounting records and the division of each individual residential property into small fractional shares referred to as "brix" that were offered and sold typically for $25.00 to $50.00 per brick to investors such as the Holbrooks, on the prospect of large returns per investment unit (i.e., brix). Vance also testified regarding the real property resale practices of the defendants, the failure of defendants, as evidenced by the accounting records, to make necessary improvements to make the properties either habitable or beneficially resalable (that is, capable of being resold at a price significantly in excess of the initial purchase price), and the extremely poor investment quality of the residential properties obtained and offered for investment in the brix investment format of the defendants.

The forensic accountant testimony strongly substantiated the allegations of a fraudulent investment scheme orchestrated by the corporate and individual defendants as set out in the court documents.  (See e.g., Amended Complaint, ECF No. 35.)  See for example ¶¶ 198-99 of the Amended Complaint which state as follows:

> 198. As set forth hereinabove, the Defendants, acting in concert and for their own personal financial benefit, made numerous misrepresentations as set forth more particularly herein concerning inter alia such issues as: (a) the quality and rentability of one or more of the subject properties; (b) the interior and exterior maintenance and repair of one or more of the subject properties; (c) the purchase/issuance of and payments for insurance policies/premiums related to one or more of the subject properties; (d) the underlying value of one or more of the subject properties; (e) the payment of property taxes on one or more of the subject properties; and/or (e) the current ownership and/or sale of one or more of the subject properties.
> 199. Such misrepresentations of material facts related to the subject properties were made by one or more of the Defendants, individually and/or in concert, and were knowingly false when made. Such misrepresentations were made with the intent to have Plaintiffs and/or other Brix holders in the subject properties to rely upon such statements, with the intent to induce Plaintiffs and other customers/clients of the Defendants to pay monies which were subsequently used for Defendants own financial benefit.

Also see ¶¶ 202-10 (Actual and/or Constructive Fraud (Against All Defendants)) in the Amended Complaint, ECF No. 35 at PageID 353-54.

Dale Tuttle, Esq. testified regarding the attorney fees and expenses incurred in the successful prosecution of this complex commercial scheme.  Specifically, Mr. Tuttle gave testimony to the Court supporting Plaintiffs' claims of Three Hundred Fifty-Four Thousand, Eight Hundred Fifty-Five Dollars and Sixty-Five Cents ($354,855.65). This amount includes the amount of attorney fees associated with the Court's Order Granting Plaintiffs' Supplemental Motion for Attorney Fees Pursuant to Rule 37 (ECF No. 147) in the amount of Nine Thousand, Eight Hundred Eighty-Two Dollars and Fifty Cents ($9,882.50) which the Court ordered as a sanction for Defendants' discovery misconduct but which, to date, has not been paid.

While the lodestar method of establishing reasonable attorney fees in this case is not directly applicable, Mr. Tuttle reviewed in detail the factors that are to be considered in Tennessee (Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5) and applied those factors.

The Court finds that the factors fully support the award of $354,855.65 in fees and related expenses. In fact, the hourly rates applied in this case are somewhat below the standard hourly rates for attorneys handling complex commercial litigation in this area. The fees and expenses sought are reasonable and appropriate under the provision of the Tennessee Consumer Protection Act.

Plaintiffs further seek a trebling of actual damages in light of the established egregious conduct of the defendants in this case. Given the factual circumstances of this case, the specific allegations deemed as true pursuant to the Court's prior grant of default judgment, and a consideration of the factors set forth in T.C.A. § 47-18-109(a)(3)-(4), this Court finds that an award of treble damages is both reasonable and appropriate, and accordingly finds for the Plaintiffs on this issue in the trebled amount of Two Million, One Hundred Sixty-Nine Thousand, Nine Hundred Sixty-Nine Dollars ($2,169,969.00).

In summary, the Court finds that Plaintiffs have successfully pled and obtained a default judgment as to their claims in this matter, including their civil conspiracy claims against the Individual and Corporate Defendants. Accordingly, pursuant to T.C.A. § 29-11-107(b)(1), the Court finds the Defendants jointly and severally liable for, and awards to the Plaintiffs the following damages: actual damages in the amount of $723,323.00, trebled under the TCPA to the amount of $2,169,969.00, and attorneys' fees in the amount of $354,855.65, for a total judgment to the Plaintiffs in the amount of Two Million, Five Hundred Twenty-Four Thousand, Eight

Hundred Twenty-Four Dollars and Sixty-Five Cents ($2,524,824.65), for which execution may issue as necessary.

SO ORDERED this 17th day of September 2021.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE