IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THE HOLBROOK FAMILY, )<br>COMPRISED OF BRAD HOLBROOK, )<br>LORRAINE HOLBROOK, RACHEL )<br>HOLBROOK and MATT HOLBROOK, )<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>OWNBRIX INTERNATIONAL )<br>CORPORATION, MEMPHIS RPF, LLC, )<br>TRADING TECHNOLOGIES USA, LLC, )<br>MARK MARSHALL, Individually, )<br>LORRAINE MARSHALL, Individually, )<br>and OLIVER MARSHALL, Individually, )<br>)<br>  Defendants. ) | Case No. 2:19-cv-2879-JPM-cgc |

**ORDER DENYING MOTIONS FOR CRIMINAL CONTEMPT**

This matter came before the Court on Plaintiffs' Motions to hold Defendants Mark Marshall, Oliver Marshall, and Lorraine Marshall in criminal contempt, filed on March 15, 2023. (ECF Nos. 180, 181, 182.) Plaintiffs request that the Court issue a warrant for the arrest of each of these three Defendants. (See, e.g., ECF No. 180 at PageID 2300.) Plaintiffs also request that the Court, should Defendants fail to "appear, answer and show cause why [they] should not be held in criminal contempt," "adjudge[e Defendants] in criminal contempt for failing to obey the lawful orders of this Court."

The Court's power to hold a party to a suit in criminal contempt for "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command" is defined and limited by statute. 18 U.S.C.A. § 401(3). "As criminal contempt is 'a crime in the ordinary sense,'

the Supreme Court has stressed that constitutional protections for criminal defendants 'apply in nonsummary criminal contempt prosecutions just as they do in other criminal prosecutions.'" Downey v. Clauder, 30 F.3d 681, 686 (6th Cir. 1994) (quoting United States v. Dixon, 509 U.S. 688, 696 (1993)).  An individual prosecuted for criminal contempt is entitled to a jury trial.  Fed. R. Crim. Pro. 42(a)(3).  In a trial for criminal contempt, the accused party's guilt must be proven beyond a reasonable doubt.  Clapper v. Clark Dev., Inc., 747 F. App'x 317, 323 (6th Cir. 2018).  The Court may not conduct a criminal trial of this nature in absentia if a defendant is not present at the start of trial.  See Fed. R. Crim. P. 43; see also Crosby v. United States, 506 U.S. 255, 262 (1993).

Under the facts and circumstances in this case, it does not appear that the Court should proceed to adjudge Defendants guilty of criminal contempt or to issue the requested show cause orders.  The instant Motions are **DENIED**.

**SO ORDERED**, this 20th day of April, 2023.

       /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE